UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MYCHAEL ANTHONY ARMSTRONG-MORROW,<br><br>               Plaintiff,<br><br>v.<br><br>CORRECTIONAL OFFICER COLE (MCF-St. Cloud), and LUKE DEHAAN, PT (MCF-St. Cloud)<br><br>               Defendants. | Case No. 0:20-cv-147-JRT-KMM<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on Defendant Correctional Officer Dustin Cole's Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim. ECF No. 14. After careful consideration of the record and filings, the Court recommends that the claims against Mr. Cole be DISMISSED.

**I.    Factual Background[1]**

During the time period relevant to this litigation, Plaintiff Mychael Anthony Armstrong-Morrow was imprisoned in the Minnesota Correctional Facility, Saint Cloud ("MCF-Saint Cloud"). On January 11, 2018, he began work in the gymnasium under the supervision of Correctional Officer Dustin Cole.[2] Compl. at 4, ECF No. 1. Mr. Armstrong-

---

[1] Because this matter is before the Court on a Rule 12 motion to dismiss, the Court accepts the factual allegations in the Complaint as true and construes them in the light most favorable to Mr. Armstrong-Morrow. See *Kulkay v. Roy,* 847 F.3d 637, 640 (8th Cir. 2017).

[2] While Dustin Cole was not specifically named in the complaint, the State believes he is the "Mr. Cole" referred to by Armstrong. Def.'s Mem. at 5 n.2, ECF No. 17.

1

Morrow did not receive any orientation or training before being assigned his first task by Officer Cole: collect balls from the top of the bleachers. *Id.* While climbing the bleachers, Mr. Armstrong-Morrow injured his left shoulder. *Id.*

On February 20, 2018, Mr. Armstrong-Morrow reported to the prison's infirmary. Compl., Ex. 1 at 1. According to Dr. Luke DeHaan, Mr. Armstrong-Morrow's physical therapist at MCF-Saint Cloud, he suffered an injury of his inferior pectoralis and pectoralis minor. *Id.* Dr. DeHaan prescribed "conservative therapy" and noted "surgical intervention would be somewhere between difficult and frivolous." *Id.* In the following months, Dr. DeHaan continued with Mr. Armstrong-Morrow's physical therapy. *Id.* at 2–3. During this course of treatment Mr. Armstrong-Morrow requested further examination of his injuries via MRI or X-ray, which Dr. DeHaan declined to order. Compl. at 5.

In the summer of 2018, the Minnesota Department of Corrections transferred Mr. Armstrong-Morrow to MCF Faribault. Compl., Ex. 1 at 3–4. There he came under the care of a new physical therapist, Darin Hauglund. *Id.* at 4. Mr. Hauglund disagreed with Dr. DeHaan's conclusion that surgery was not a proper remedy for an "obvious" pectoralis major tear. *Id.* An MRI examination revealed remote/chronic strain to the muscle and Mr. Hauglund recommended surgery. *Id.* at 7–9. However, as of February 2019, a surgeon could not be found to repair Mr. Armstrong-Morrow's muscle damage. *Id.* at 11.

Mr. Armstrong-Morrow claims that Dr. DeHaan's refusal to prescribe a surgical remedy caused him to suffer permanent debilitating injuries that have and will continue to impede his ability to work and to care for his six children. Compl. at 5. On January 10, 2020, Mr. Armstrong-Morrow filed this lawsuit pursuant to 42 U.S.C. § 1983 against Dr. DeHaan

2

and Officer Cole, alleging a violation of his constitutional rights and requesting to be "compensated substantially" in the amount of $1,250,000. *Id.* Mr. Armstrong later clarified that he was suing both Defendants in their individual and official capacities. ECF No. 5.

On April 7, 2020, Officer Cole moved to dismiss the claims against him for lack of subject matter jurisdiction and failure to state a claim. ECF No. 14. Mr. Armstrong-Morrow briefly responded to the motion. stating: "I do not believe this case should dismissed, but instead go to court." Pl.'s Resp., ECF No. 23.

## II. Discussion

Officer Cole argues that the claims against him should be dismissed for two reasons. First, relying on Federal Rule of Civil Procedure 12(b)(1), he contends that the official-capacity claims for monetary damages should be dismissed for lack of subject matter jurisdiction under the doctrine of sovereign immunity. Second, Officer Cole argues that pursuant to Federal Rule of Civil 12(b)(6), Mr. Armstrong-Morrow's complaint fails to state a claim against him for which relief can be granted. For the reasons that follow, the Court concludes that Mr. Armstrong-Morrow's claims should be dismissed.

### A. Eleventh Amendment

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a claim for lack of subject-matter jurisdiction. If the Court does not have subject-matter jurisdiction, "the proper remedy is dismissal without prejudice." *Becerra v. Fabian*, No. 08-cv-5511 (JMR/JJG), 2009 WL 799609, at *5 (D. Minn. Mar. 24, 2009). The Defendants' jurisdictional motion is based solely on the allegations in the Complaint and its Addendum,

3

raising a facial challenge. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). When assessing a facial challenge to jurisdiction, the factual allegations in the Complaint that concern subject-matter jurisdiction are presumed to be true. *Id.*; *see also Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990).

The Eleventh Amendment to the U.S. Constitution provides states immunity from suits brought in federal courts. *DeGidio v. Perpich*, 612 F. Supp. 1383, 1388 (D. Minn. 1985) (citing *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984)). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office…. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Although § 1983 allows a suit against an individual state official acting under color of state law, the statute does not permit a plaintiff to recover damages from the state. *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997) ("[The] § 1983 damages claims against the seven individual defendants acting in their official capacities are … barred … by the Eleventh Amendment….").

In the Addendum to his Complaint, Mr. Armstrong-Morrow asserted he was suing Officer Cole in his official capacity as an employee of the State of Minnesota, as well as in his individual capacity. The State has not consented to the jurisdiction of the United States Courts in lawsuits brought pursuant to § 1983. Mr. Armstrong-Morrow seeks only monetary damages in this lawsuit.[3] To the extent he seeks damages against Mr. Cole in his official

---

[3]   Courts have recognized an exception to Eleventh Amendment immunity for official-capacity suits that seek prospective injunctive relief. *See Monroe v. Arkansas State Univ.*, 495
(footnote continued on following page)

4

capacity, such claims are barred by the Eleventh Amendment, and the Court lacks subject-matter jurisdiction over such claims. Accordingly, the official-capacity damages claims against Mr. Cole should be dismissed without prejudice for lack of jurisdiction.

### B.   Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 500 U.S. 544, 570 (2007). In applying this standard, the Court must assume the facts in the complaint to be true and must construe all reasonable inferences in the light most favorable to the plaintiff. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). But the Court need not accept as true any wholly conclusory allegations, *Hanten v. School District of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions that the plaintiff draws from the facts pled, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

Because Mr. Armstrong-Morrow is not a lawyer and is representing himself, the Court construes his pleadings and other written submissions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers….") (cleaned up). Construing pleadings liberally means that "if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal

---

F.3d 591, 594 (8th Cir. 2007) (recognizing that "[u]nder the doctrine set forth in *Ex Parte Young*, 209 U.S. 123 (1908), state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment"). However, Mr. Armstrong-Morrow has not sought prospective injunctive relief as part of this lawsuit.

framework." *Hazley v. Roy*, 378 F. Supp. 3d 751 (D. Minn. 2019) (internal quotation marks omitted). "However, even under this liberal standard, a *pro se* complaint must contain specific facts in support of the claims it advances." *Id.* (citing *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985)).

Taking the allegations in Mr. Armstrong-Morrow's complaint as true, Officer Cole took no action that caused or exacerbated his injuries, nor any actions that violated Armstrong's constitutional rights. According to Mr. Armstrong-Morrow's complaint, the extent of Officer Cole's involvement in the injury was to instruct Mr. Armstrong-Morrow to retrieve balls from the bleachers of the prison's gymnasium. There are no allegations indicating that Officer Cole knew or had any basis to believe that this would result in Mr. Armstrong-Morrow's injury. Mr. Armstrong-Morrow asserts only that Officer Cole instructed him to perform a simple and routine task as part of a work assignment.

Because Mr. Armstrong-Morrow's complaint was filed pursuant to § 1983, he must allege a violation of his constitutional rights. Although he does not specify which rights he believes were violated, his complaint suggests an Eighth Amendment claim—that Officer Cole showed deliberate indifference for Mr. Armstrong-Morrow's safety when Officer Cole assigned him a dangerous task without sufficient training or orientation. To succeed on such a claim, a plaintiff must show the task was objectively dangerous and that the officer assigned it in deliberate disregard for the inmate's safety. *Kulkay v. Roy,* 847 F.3d 637, 642 (8th Cir. 2017). "Deliberate disregard" is not mere negligence, but requires the officer to assign work he knows to be dangerous to the inmate's health or life. *Id.* at 643 (citing *Ambrose v. Young,* 474 F.3d 1070, 1077 (8th Cir. 2007)).

Mr. Armstrong-Morrow's complaint fails on both prongs. His complaint does not allege any facts that would show the task of climbing bleachers to retrieve balls was unreasonably dangerous. Mr. Armstrong-Morrow has not alleged that the bleachers were so dangerous that he should not have been told to climb them without sufficient training. Neither has he alleged any facts to show that Officer Cole considered the bleachers to be so dangerous as to threaten Mr. Armstrong-Morrow's health or life. As a result, Mr. Armstrong-Morrow has failed to state an Eighth Amendment deliberate indifference claim against Officer Cole in his individual capacity, and Officer Cole's motion should be granted.[4]

## III.   Recommendation

Based on the discussion above, the Court makes the following recommendations:

1. Officer Cole's motion to dismiss **(ECF No. 14)** should be **GRANTED**;

2. The official-capacity damages claims against Officer Cole should be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction; and

3. The individual-capacity claims against Officer Cole should be **DISMISSED**, but he should be permitted to file a motion to amend the complaint within 30 days of any Order adopting this Report and Recommendation.

---

[4] Although Mr. Armstrong-Morrow has failed to state a claim against Officer Cole for violation of his Eighth Amendment rights, the Court is cognizant of Mr. Armstrong-Morrow's *pro se* status. Accordingly, the Court will recommend that Officer Cole's motion to dismiss for failure to state a claim be granted, but that Mr. Armstrong-Morrow be afforded an opportunity to file a motion to amend his pleadings if he believes there are additional facts concerning Officer Cole's conduct that he failed to include in his initial complaint. The Court will also separately refer Mr. Armstrong-Morrow to the Federal Bar Association's *Pro Se* Project, which attempts to connect *pro se* litigants with volunteer lawyers who may consult with them regarding their claims.

Date: October 26, 2020

                                                                     *s/Katherine Menendez*
                                                                     Katherine Menendez
                                                                      United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.